IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00923 LEK-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SIMETA E. TAULUA, JR. (01), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
R. CIV. PRO. 59(E) AND DENYING CERTIFICATE OF APPEALABILITY**

On August 24, 2015, pro se Defendant/Petitioner

Simeta E. Taulua, Jr. ("Taulua") filed his Motion under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody ("§ 2255 Motion"), and, on January 26, 2016, this

Court issued an order denying the § 2255 Motion and denying a

certificate of appealability ("1/26/16 Order").  [Dkt. nos. 229,

240.]  Before the Court is Taulua's "Motion for Reconsideration

R. Civ. Pro. 59(e)," ("Motion for Reconsideration") filed on

March 7, 2016.  [Dkt. no. 244.]  Plaintiff/Respondent the United

States of America ("the Government") filed its memorandum in

opposition on March 22, 2016, and Taulua filed his reply on

May 2, 2016.  [Dkt. nos. 249, 254.]  The Court has considered the

Motion for Reconsideration as a non-hearing matter pursuant to

Rule LR7.2(e) of the Local Rules of Practice of the United States

District Court for the District of Hawai`i ("Local Rules").

After careful consideration of the motion, supporting and opposing memoranda, and the relevant legal authority, Taulua's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.  In addition, this Court DENIES a certificate of appealability.

**BACKGROUND**

Taulua pled guilty to one count of conspiracy to distribute, and to possess with intent to distribute, fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and § 846.  This Court sentenced Taulua to, *inter alia*, 235 months of imprisonment and five years of supervised release.  [Judgment in a Criminal Case, filed 5/21/12 (dkt. no. 275), at 1-3.]  Subsequently, in light of Amendment 782 to the United States Sentencing Commission Guidelines Manual, Taulua and the Government agreed to a reduction in Taulua's term of imprisonment to 191 months.  [Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Sentence Reduction Order"), filed 4/14/15 (dkt. no. 227).]

Taulua's § 2255 Motion challenged his sentence.  He argued that: his counsel at sentencing was ineffective because counsel failed to review the convictions used to determine his criminal history category ("Ground One"); this Court erred in determining his criminal history category ("Ground Two"); and this Court erred in applying the four-level enhancement for a

2

leadership role in the offense ("Ground Three").  In the 1/26/16 Order, this Court denied Taulua's § 2255 Motion because Taulua failed to file his § 2255 Motion within one year of his conviction becoming final, and this Court concluded that there was no ground to find that either § 2255(f)(4) or equitable tolling of the limitations period applied.  This Court did not address any of the three grounds on the merits, and it denied a certificate of appealability.  A final judgment pursuant to the 1/26/16 Order was filed on January 26, 2016 ("§ 2255 Judgment"). [CV 15-00343, dkt. no. 4.]

In the instant Motion for Reconsideration, Taulua asks this Court to "alter and amend the judgment imposed by this court on January 26, 2016" pursuant to Fed. R. Civ. P. 59, and he argues that "his judgment is void" pursuant to Fed. R. Civ. P. 60(b)(4).  [Motion for Reconsideration at 1, 4.]

On the same day that he filed his Motion for Reconsideration, Taulua also filed a Notice of Appeal.  [Dkt. no. 245.]  However, the Notice of Appeal discusses the events related to the Amendment 782 process and the Sentence Reduction Order; it does not address the § 2255 Motion, the 1/26/16 Order, or the § 2255 Judgment.

## STANDARD

"Motions for reconsideration after a final order are available in § 2255 cases and may be brought under either

Rule 59(e) or Rule 60(b) of the Federal Rules of Civil

Procedure."  United States v. Ramiro, CR. No. 08-00294 SOM-2,

2009 WL 5103312, at *1 (D. Hawai`i Dec. 23, 2009) (citing United

States v. Martin, 226 F.3d 1042, 1047 (9th Cir. 2000); Vo v.

United States, 2007 WL 2893654 at *1 (D. Haw. Sept. 27, 2007)).

Rule 59(e) states: "A motion to alter or amend a judgment must be

filed no later than 28 days after the entry of the judgment."

This district court has stated:

> "The Rule 59(e) motion may not be used to
> relitigate old matters, or to raise arguments or
> present evidence that could have been raised prior
> to the entry of judgment."  11 Charles Alan
> Wright, Arthur Miller, and Mary Kay Kane, Federal
> Practice & Procedure § 2810.1 (3d ed. West 2015).
>
> A district court may properly reconsider its
> decision if it "(1) is presented with newly
> discovered evidence, (2) committed clear
> error or the initial decision was manifestly
> unjust, or (3) if there is an intervening
> change in controlling law."  School Dist.
> No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263
> (9th Cir. 1993).  Clear error occurs when
> "the reviewing court on the entire record is
> left with the definite and firm conviction
> that a mistake has been committed."  United
> States v. U.S. Gypsum Co., 333 U.S. 364, 395
> (1948).
>
> Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955
> (9th Cir. 2013).  "[R]econsideration of a judgment
> after its entry is an extraordinary remedy which
> should be used sparingly."  McDowell v. Calderon,
> 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).
> A decision whether to grant or deny a Rule 59(e)
> motion is committed to the sound discretion of
> this court.  Id. n.1 ("the district court enjoys
> considerable discretion in granting or denying the
> motion"); see also Herbst v. Cook, 260 F.3d 1039,
> 1044 (9th Cir. 2001) ("denial of a motion for

reconsideration is reviewed only for an abuse of discretion").

Gowadia v. United States, CRIM. NO. CR 05-00486 SOM, 2015 WL 9473401, at *1 (D. Hawai`i Dec. 28, 2015) (alteration in Gowadia).

Taulua also brings the Motion for Reconsideration pursuant to Rule 60(b)(4).  Rule 60 states, in pertinent part:

>     (b)  Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>         . . . .
>
>         (4)  the judgment is void[.]
>
>         . . . .
>
>     (c)  Timing and Effect of the Motion.
>
>         (1)  Timing.  A motion under Rule 60(b) must be made within a reasonable time . . . .
>
>         (2)  Effect on Finality.  The motion does not affect the judgment's finality or suspend its operation.

This district court has stated:

> a void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).  In other words, "[a] void judgment is a legal nullity."  A judgment is not considered void "simply because it is or may have been erroneous."  Id.  Instead, Rule 60(b)(4) applies only "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the

5

> opportunity to be heard." Id.  Rule 60(b) motions
> are committed to the discretion of the trial
> court.  See Barber v. Hawaii, 42 F.3d 1185, 1198
> (9th Cir. 1994) ("Motions for relief from judgment
> pursuant to Federal Rule of Civil Procedure 60(b)
> are addressed to the sound discretion of the
> district court.").

Mather v. First Hawaiian Bank, Civil No. 14-00091 SOM/RLP, 2014

WL 7334880, at *3 (D. Hawai`i Dec. 19, 2014) (alteration in

Mather).

**DISCUSSION**

**I.   Notice of Appeal**

At the outset, this Court must address whether Taulua's

Notice of Appeal has any effect on the Motion for

Reconsideration.  See, e.g., Fed. R. App. P. 4(a)(4)(B)(i) ("If a

party files a notice of appeal after the court announces or

enters a judgment – but before it disposes of any motion listed

in Rule 4(a)(4)(A) – the notice becomes effective to appeal a

judgment or order, in whole or in part, when the order disposing

of the last such remaining motion is entered.").[1]

The Notice of Appeal recognizes that the Sentencing

Reduction Order was filed on April 14, 2015, and it argues that

"this untimely Notice of Appeal should be allowed."  [Notice of

Appeal at 1.]  It also argues that "this court should grant

Movant's Notice of Appeal on his final order granting

---

[1] One of the listed motions is a Rule 59 motion to alter or amend judgment.  Fed. R. App. P. 4(a)(4)(A)(iv).

6

Petitioner's 2-point reduction on Amendment 782, pursuant to Fed.

R. App. Pro. 4(a)." [<u>Id.</u> at 2.]  There is no mention of the

§ 2255 Motion, the 1/26/16 Order, or the § 2255 Judgment.  This

Court therefore FINDS that: Taulua's Notice of Appeal, filed

March 7, 2016, is only an appeal from the Sentence Reduction

Order; and Taulua has not filed an appeal from the § 2255

Judgment.  This Court also CONCLUDES that the Notice of Appeal

does not affect the instant Motion for Reconsideration.

This Court now turns to the merits of the Motion for

Reconsideration.

## II.  <u>Reconsideration under Rule 59</u>

A Rule 59 motion for reconsideration in a § 2255 case

must be filed within twenty-eight days of the entry of judgment.

Fed. R. Civ. P. 59(e).  The § 2255 Judgment was filed on

January 26, 2016, and the Clerk's Office filed Taulua's Motion

for Reconsideration on March 7, 2016 – more than twenty-eight

days after the filing of the § 2255 Judgment.

Even if this Court applies the prison mailbox rule to

Taulua's Motion for Reconsideration, the motion would be deemed

filed on March 1, 2016.  <u>See</u> Rules Governing § 2255 Proceedings,

R. 3(d), 28 U.S.C. foll. § 2255 ("§ 2255 Rules"); <u>United States</u>

<u>v. Winkles</u>, 795 F.3d 1134, 1146 (9th Cir. 2015) (stating that

"Rule 3(d) codifies the prison mailbox rule").[2]  Thus, to the
extent that he seeks reconsideration pursuant to Rule 59, Taulua
failed to file the Motion for Reconsideration within twenty-eight
days after the filing of the § 2255 Judgment.  The portion of the
Motion for Reconsideration based on Rule 59 is DENIED as
untimely.[3]

---

[2] Rule 3(d) of the § 2255 Rules states:

> A paper filed by an inmate confined in an
> institution is timely if deposited in the
> institution's internal mailing system on or before
> the last day for filing.  If an institution has a
> system designed for legal mail, the inmate must
> use that system to receive the benefit of this
> rule.  Timely filing may be shown by a declaration
> in compliance with 28 U.S.C. § 1746 or by a
> notarized statement, either of which must set
> forth the date of deposit and state that
> first-class postage has been prepaid.

Taulua apparently attempted to invoke the prison mailbox rule in
the Certificate of Service accompanying the Motion for
Reconsideration.  [Motion for Reconsideration at 5.]  However,
the rule arguably does not apply in this instance because the
Certificate of Service does contain the required information,
such as the statement regarding prepaid postage.  It is not
necessary for this Court to make a ruling regarding whether or
not the prison mailbox rule applies because, even if the rule
applies, Taulua's Rule 59 motion would still be untimely.

[3] Even if this Court considered Taulua's Rule 59 motion on
the merits, this Court would still deny it.  Taulua has not
presented any newly discovered evidence or intervening change in
the controlling law.  Further, Taulua has not established that
this Court committed clear error in the 1/26/16 Order, nor has he
established that the order was manifestly unjust.

## III. **Reconsideration under Rule 60(b)**

Taulua also argues that the § 2255 Judgment is void
pursuant to Rule 60(b)(4) and that this Court should have
adjudicated the claims in his § 2255 Motion on the merits.

As previously noted, even if a judgment is erroneous,
that does not mean that it is void.  United Student Aid Funds,
559 U.S. at 271.  A party is only entitled to Rule 60(b)(4)
relief "in the rare instance where a judgment is premised either
on a certain type of jurisdictional error or on a violation of
due process that deprives a party of notice or the opportunity to
be heard."  Id.  Taulua does not raise these types of issues.
Instead, he reiterates the arguments that he raised in connection
with his § 2255 Motion.  This Court therefore concludes that
Taulua's request for Rule 60(b)(4) relief should be construed as
a request for relief pursuant to Rule 60(b)(6).  See Pregana v.
CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671,
at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes
the [plaintiffs'] filings because they are proceeding pro se."
(citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)));
Rivers v. Nat'l Transp. Safety Bd., No. 93-70317, 1994 WL 96388,
at *2 (9th Cir. Mar. 24, 1994) ("In evaluating post-judgment
motions, nomenclature is not controlling.  Instead, a court will
construe a motion, however styled, 'to be the type proper for the
relief requested.'" (quoting Miller v. Transamerican Press, Inc.,

709 F.2d 524, 527 (9th Cir. 1983))).

Pursuant to Rule 60(b)(6), a district court may grant a party relief from a judgment or final order for "any other reason that justifies relief."  The Ninth Circuit has held that Rule 60(b)(6) requires a showing of "'extraordinary circumstances'" justifying relief.  See, e.g., Wood v. Ryan, 759 F.3d 1117, 1120 (9th Cir. 2014) (per curiam) (some citations and internal quotation marks omitted) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641 (2005)).  For example, "gross negligence by counsel amounting to virtual abandonment can be an 'extraordinary circumstance' that justifies vacating a default judgment pursuant to Rule 60(b)(6)."  Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012) (brackets, citation, and some internal quotation marks omitted).  Taulua merely disagrees with this Court's ruling that the § 2255 Motion was untimely.  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  Barnes v. Sea Hawaii Rafting, LLC, 16 F. Supp. 3d 1171, 1183 (D. Hawai`i 2014).  Nor does Taulua's disagreement with this Court's ruling constitute an extraordinary circumstance that warrants Rule 60(b)(6) relief.

This Court therefore CONCLUDES that Taulua is not entitled to relief pursuant to either Rule 60(b)(4) or (6) and DENIES the portion of Taulua's Motion for Reconsideration based on Rule 60(b).

## IV.   <u>Second or Successive Motion</u>

In its memorandum in opposition, the Government argues that, because Taulua's Rule 60(b) motion "attacks the resolution on the merits of the underlying habeas decision," the motion is "barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) which precludes second or successive § 2255 motions."  [Mem. in Opp. at 3.]

It is true that, in some cases, a "purported Rule 60(b) motion is actually an unauthorized, second or successive habeas petition under 28 U.S.C. § 2255."  <u>United States v. Lynch</u>, No. 13-35836, 2016 WL 463651, at *1 (9th Cir. Feb. 5, 2016).  However, in <u>Lynch</u>, the Ninth Circuit noted that the Rule 60(b) motion was "attempting to raise 'a new claim for relief, wholly independent of the claims adjudicated in his first § 2255 proceeding.'"  <u>Id.</u> (quoting <u>United States v. Buenrostro</u>, 638 F.3d 720, 723 (9th Cir. 2011)).  Thus, the claim could not "proceed under Rule 60(b)" and had to "'be treated as a § 2255 motion' subject to the limitations on second or successive petitions set forth in § 2255(h)."  <u>Id.</u> (quoting <u>Buenrostro</u>, 638 F.3d at 723).

In the instant case, Taulua is asking this Court to reconsider its rulings in the 1/26/16 Order; he is not raising a new, independent claim for relief.  This Court therefore CONCLUDES that Taulua's request for Rule 60(b) relief in the Motion for Reconsideration does not constitute a second or

successive petition.

## IV.  **Certificate of Appealability**

This Court has previously denied the issuance of a certificate of appealability.  [1/26/16 Order at 17-18.]  The arguments in the Motion for Reconsideration do not require this Court to change its prior ruling regarding a certificate of appealability.  This Court reiterates that no reasonable jurist would find that this Court's rulings regarding Taulua's § 2255 Motion are debatable.  See Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (stating the standard for the issuance of a certificate of appealability), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011).  This Court therefore DENIES the issuance of a certificate of appealability.

### CONCLUSION

On the basis of the foregoing, Taulua's "Motion for Reconsideration R. Civ. Pro. 59(e)," filed March 7, 2016, is HEREBY DENIED.  This Court also DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 9, 2016.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. SIMETA E. TAULUA, JR.; CR 10-00923
LEK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF R.
CIV. PRO. 59(E) AND DENYING CERTIFICATE OF APPEALABILITY**