UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR 10-00923(01) LEK |
|---|---|
| Plaintiff, | |
| vs. | |
| SIMETA E. TAULUA, | |
| Defendant. | |

**ORDER: TRANSMITTING MOTIONS SEEKING CERTIFICATION OF SECOND OR SUCCESSIVE 28 U.S.C. § 2255 MOTION; DENYING MOTION SEEKING TO REOPEN THE TIME TO FILE AN APPEAL; AND DENYING CERTIFICATE OF APPEALABILITY**

On May 17, 2012, Defendant Simeta E. Taulua, Jr. ("Taulua") was sentenced to 235 months of imprisonment and five years of supervised release for one count of conspiracy to distribute, and to possess with intent to distribute, fifty grams or more of methamphetamine. [Minutes, filed 5/17/12 (dkt. no. 172); Judgment in a Criminal Case ("Judgment"), filed 5/21/12 (dkt. no. 175).] Taulua did not file an appeal from the Judgment. In light of Amendment 782 to the United States Sentencing Guidelines ("Amendment 782"), Taulua's term of imprisonment was subsequently reduced to 191 months. [Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Sentence Reduction Order"), filed 4/14/15 (dkt. no. 227).]

On August 24, 2015, Taulua filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").[1] [Dkt. no. 229.] The § 2255 Motion was denied in an order filed on January 26, 2016 ("1/26/16 § 2255 Order"). [Dkt. no. 240.] On March 7, 2016, Taulua filed a motion for reconsideration of the 1/26/16 § 2255 Order. [Dkt. no. 244.] The motion for reconsideration was denied on May 9, 2016. [Dkt. no. 255.] Also on March 7, 2016, Taulua filed a notice of appeal from the Sentence Reduction Order. [Dkt. no. 245.] The Ninth Circuit dismissed the appeal as untimely. [Order, filed 8/3/16 (dkt. no. 273) (noting the appeal appeared to be untimely and directing Taulua to either file a motion for voluntary dismissal or show cause why the appeal was timely); Order, filed 8/11/16 (dkt. no. 275) (grating Taulua's motion to voluntarily dismiss the appeal).]

On June 6, 2016, Taulua filed a notice of appeal from the Judgment. [Dkt. no. 260.] The Ninth Circuit also dismissed that appeal as untimely. [Order, filed 6/9/16 (dkt. no. 263); Order, filed 6/23/16 (dkt. no. 269).] Taulua has also filed other appeals that are not relevant to the motions currently before this Court.

---

[1] Taulua has been proceeding pro se since the filing of the § 2255 Motion.

## I. October 1, 2019 Motion

On October 1, 2019, Taulua filed a document titled "'Motion for Relief from a Judgment or Order Pursuant to Rule 60(b) and 60(d)(1)'" ("10/1/19 Motion"). [Dkt. no. 328.] 28 U.S.C. § 2255 states, in pertinent part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

The 10/1/19 Motion argues Taulua's sentence should be corrected because this Court abused its discretion and committed errors of law during the Amendment 782 sentence reduction process. He

3

also asserts that he is actually innocent of the charge he was convicted of. Section 2255(h) states:

> A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In light of the procedural history of this case, this Court liberally construes Taulua's 10/1/19 Motion as a motion for certification of a second or successive § 2255 Motion. Cf. United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000) ("Pro se complaints and motions from prisoners are to be liberally construed.").

**II. October 4, 2019 Motion**

On October 4, 2019, Taulua filed his "Motion to Reopen the Time to File an Appeal Pursuant to F.R.A.P. 4(a)(6) under Fed. R. Civ. P. 60(b)" ("10/4/19 Motion"). [Dkt. no. 329.]

**A. Request to Extend the Time to File an Appeal**

The 10/4/19 Motion first requests an extension of the time to file an appeal from the Sentence Reduction Order. This request is suitable for disposition without a hearing pursuant

4

to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

Taulua had sixty days from the entry of the Sentence Reduction Order on April 14, 2015 to file a notice of appeal from that order. See Fed. R. App. P. 4(a)(1)(B)(i). However, Taulua did not attempt to file an appeal from the Sentence Reduction Order until March 7, 2016. Taulua states he never received the Sentence Reduction Order, and he was unaware that his sentence had been reduced until his case manager informed him about the reduction. According to the instant Motion, Taulua attempted to appeal the Sentence Reduction Order by filing the § 2255 Motion. [Motion at 1.] Taulua asserts the § 2255 Motion should have been construed as a motion to extend the time in which to file a notice of appeal from the Sentence Reduction Order.

Taulua argues that, in light of the history of this case, this Court should reopen the time to appeal the Sentence Reduction Order pursuant to Fed. R. App. P. 4(a)(6), which states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but **only if all the following conditions are satisfied**:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the

>     judgment or order sought to be appealed
>     within 21 days after entry;
>
>     (B) the motion is filed within 180 days
>     after the judgment or order is entered or
>     within 14 days after the moving party
>     receives notice under Federal Rule of Civil
>     Procedure 77(d) of the entry, whichever is
>     earlier; and
>
>     (C) the court finds that no party would be
>     prejudiced.

(Emphasis added.) It is unnecessary to determine when Taulua personally received notice of the Sentence Reduction Order. Even if Taulua did not receive notice,[2] he was required to file a motion to reopen the time to file an appeal within 180 days after the Sentence Reduction Order was filed. See Rule 4(a)(6)(B). The fact that Taulua filed the 10/4/19 Motion more than 180 days after the Sentence Reduction Order was filed renders Taulua ineligible for reopening of the time to appeal.

Taulua also argues the time to appeal the Sentence Reduction Order should be reopened because his § 2255 Motion should have been construed as a request for an extension of time to appeal the Sentence Reduction Order. This argument fails because, at the latest, Taulua knew from the 1/26/16 § 2255 Order that the § 2255 Motion was not construed as a request to

---

[2] Assistant Federal Public Defender Salina Kanai Althof represented Taulua in the Amendment 782 sentence reduction process. The Sentence Reduction Order was served on Taulua through Ms. Althof.

6

extend the time to appeal the Sentence Reduction Order. He could have argued the § 2255 Motion should have been so construed in either his motion for reconsideration of the 1/26/16 § 2255 Order or in one of the appeals he filed shortly after that order was filed.

Taulua's request to reopen the time to file an appeal from the Sentence Reduction Order is therefore denied.

### B. Request for Fed. R. Civ. P. 60(b) Relief

The 10/4/19 Motion also requests relief pursuant to Rule 60(b). The analysis of this portion of the 10/4/19 Motion is the same as the analysis of the 10/1/19 Motion. This portion of the 10/4/19 Motion is therefore liberally construed as a motion for certification of a second or successive § 2255 Motion.

### III. Certificate of Appealability

To the extent the instant Order can be construed as denying relief sought in the 10/1/19 Motion and/or the 10/4/19 Motion, this Court must determine whether Taulua is entitled to a certificate of appealability. This district court has stated that:

> In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

7

> adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).
>
> The court carefully reviewed [the defendant/petitioner's] assertions and gave him every benefit by liberally construing them. Based on the above analysis the court finds that reasonable jurists could not find the court's rulings debatable.

Malivao v. United States, CR 13-00885 LEK/CV 17-00358 LEK, 2018 WL 6834704, at *7 (D. Hawai`i Dec. 28, 2018) (some alterations in Malivao) (some citations omitted). Reasonable jurists would not find that the rulings in this Order regarding Taulua's 10/1/19 Motion or the rulings regarding his 10/4/19 Motion are debatable. A certificate of appealability therefore will not be issued.

## CONCLUSION

On the basis of the foregoing, Taulua's "'Motion for Relief from a Judgment or Order Pursuant to Rule 60(b) and

8

60(d)(1),'" filed October 1, 2019, is LIBERALLY CONSTRUED as a motion for certification of a second or successive 28 U.S.C. § 2255 motion. Further, the portion of Taulua's October 4, 2019 "Motion to Reopen the Time to File an Appeal Pursuant to F.R.A.P. 4(a)(6) under Fed. R. Civ. P. 60(b)" that requests reopening of the time to file an appeal from this Court's April 14, 2015 order reducing his sentence is HEREBY DENIED. The remaining portion of the 10/4/19 Motion is LIBERALLY CONSTRUED as a motion for certification of a second or successive § 2255 motion.

This Court HEREBY TRANSMITS Taulua's 10/1/19 Motion and the remaining portion of his 10/4/19 Motion to the Ninth Circuit Court of Appeals for consideration. This Court DIRECTS the Clerk's Office to provide the Clerk of Court for the Ninth Circuit with copies of the 10/1/19 Motion, the 10/4/19 Motion, and this Order. In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, November 12, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. SIMETA E. TAULUA, JR.; CR. 10-00293(01) LEK; ORDER: TRANSMITTING MOTIONS SEEKING CERTIFICATION OF SECOND OR SUCCESSIVE 28 U.S.C. § 2255 MOTION; DENYING MOTION SEEKING TO REOPEN THE TIME TO FILE AN APPEAL; AND DENYING CERTIFICATE OF APPEALABILITY**