UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR 10-00923(01) LEK |
|---|---|
| Plaintiff, | |
| vs. | |
| SIMETA E. TAULUA, | |
| Defendant. | |

**ORDER TRANSMITTING MOTION SEEKING CERTIFICATION
OF SECOND OR SUCCESSIVE 28 U.S.C. § 2255 MOTION
AND DENYING CERTIFICATE OF APPEALABILITY**

On May 17, 2012, Defendant Simeta E. Taulua, Jr. ("Taulua") was sentenced to 235 months of imprisonment and five years of supervised release for one count of conspiracy to distribute, and to possess with intent to distribute, fifty grams or more of methamphetamine. [Minutes, filed 5/17/12 (dkt. no. 172); Judgment in a Criminal Case ("Judgment"), filed 5/21/12 (dkt. no. 175).] Taulua did not file an appeal from the Judgment. In light of Amendment 782 to the United States Sentencing Guidelines ("Amendment 782"), Taulua's term of imprisonment was subsequently reduced to 191 months. [Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) ("Sentence Reduction Order"), filed 4/14/15 (dkt. no. 227).]

On August 24, 2015, Taulua filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").[1] [Dkt. no. 229.] The § 2255 Motion was denied in an order filed on January 26, 2016 ("1/26/16 § 2255 Order"). [Dkt. no. 240.] On March 7, 2016, Taulua filed a motion for reconsideration of the 1/26/16 § 2255 Order. [Dkt. no. 244.] The motion for reconsideration was denied on May 9, 2016. [Dkt. no. 255.] Also on March 7, 2016, Taulua filed a notice of appeal from the Sentence Reduction Order. [Dkt. no. 245.] The Ninth Circuit dismissed the appeal as untimely. [Order, filed 8/3/16 (dkt. no. 273) (noting the appeal appeared to be untimely and directing Taulua to either file a motion for voluntary dismissal or show cause why the appeal was timely); Order, filed 8/11/16 (dkt. no. 275) (granting Taulua's motion to voluntarily dismiss the appeal).]

On June 6, 2016, Taulua filed a notice of appeal from the Judgment. [Dkt. no. 260.] The Ninth Circuit also dismissed that appeal as untimely. [Order, filed 6/9/16 (dkt. no. 263); Order, filed 6/23/16 (dkt. no. 269).] Taulua has also filed other appeals that are not relevant to the motion currently before this Court.

---

[1] Taulua has been proceeding pro se since the filing of the § 2255 Motion.

## I.  **February 3, 2020 Motion**

On February 3, 2020, Taulua filed a document titled "'Motion for a Writ of Habeas Corpus . . . to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255'" ("2/3/20 Motion").  [Dkt. no. 331.]  28 U.S.C. § 2255 states, in pertinent part:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> (b)  Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

The 2/3/20 Motion argues Taulua is entitled to § 2255 relief because: this Court abused its discretion and committed errors

3

of law during the Amendment 782 sentence reduction process; and he is actually innocent of the charge he was convicted of.[2] Section 2255(h) states:

> A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In light of the procedural history of this case, this Court liberally construes Taulua's 2/3/20 Motion as a motion for certification of a second or successive § 2255 Motion. Cf. United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000) ("Pro se complaints and motions from prisoners are to be liberally construed.").

---

[2] The Court notes that Taulua previously raised these arguments in a motion that was construed as a second or successive § 2255 motion. See order, filed 11/12/19 (dkt. no. 330), at 3-4 (summarizing arguments in a motion filed on 10/1/19 and construing the motion as a second or successive § 2255 motion). According to the Ninth Circuit's electronic case filing system, Taulua's application to file a second or successive § 2255 motion was denied on January 13, 2020.

## II. Certificate of Appealability

To the extent the instant Order can be construed as denying relief sought in the 10/1/19 Motion and/or the 10/4/19 Motion, this Court must determine whether Taulua is entitled to a certificate of appealability. This district court has stated that:

> In dismissing a § 2255 motion, the court must also address whether [defendant/petitioner] should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
>
> "The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by* Swarthout v. Cooke, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).
>
> The court carefully reviewed [the defendant/petitioner's] assertions and gave him every benefit by liberally construing them. Based on the above analysis the court finds that reasonable jurists could not find the court's rulings debatable.

Malivao v. United States, CR 13-00885 LEK/CV 17-00358 LEK, 2018 WL 6834704, at *7 (D. Hawai`i Dec. 28, 2018) (some alterations in Malivao) (some citations omitted).  Reasonable jurists would not find that the rulings in this Order regarding Taulua's 2/3/20 Motion are debatable.  A certificate of appealability therefore will not be issued.

## **CONCLUSION**

On the basis of the foregoing, Taulua's "'Motion for a Writ of Habeas Corpus . . . to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255,'" filed February 3, 2020, is LIBERALLY CONSTRUED as a motion for certification of a second or successive 28 U.S.C. § 2255 motion.

This Court HEREBY TRANSMITS Taulua's 2/3/20 Motion to the Ninth Circuit Court of Appeals for consideration.  This Court DIRECTS the Clerk's Office to provide the Clerk of Court for the Ninth Circuit with a copy of the 2/3/20 Motion and this Order.  In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 21, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA VS. SIMETA E. TAULUA, JR.; CR 10-00923(01) LEK ORDER TRANMITTING MOTION SEEKING CERTIFICATION OF SECOND OR SUCCESSIVE 28 U.S.C. § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY**